TINA MITCHELL OWENS *et al.*, Appellants, v. THE INDUSTRIAL COM-
MISSION *et al.* (Bollmeier Construction Company, Appellee).

Fifth District (Industrial Commission Division)   No. 5—89—0786WC

Opinion filed August 24, 1990.

Gerald D. Owens, of Benton, for appellants.

Edward M. Vokoun, of Evans & Dixon, of St. Louis, Missouri, for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Petitioners, Tina Mitchell Owens, Rickie Shane Owens, Loran James Owens and Kimberly Dawn Blair, the minor children of decedent, Rickie L. Owens, sought workers' compensation benefits after decedent died of a drug overdose eight months after suffering an accident while working for respondent, Bollmeier Construction Company. An arbitrator found the claim was barred as a matter of law because

a judgment in prior litigation resolved the identical issue between the same parties. (*Owens v. Consolidation Coal Co.* (1986), 144 Ill. App. 3d 88, 494 N.E.2d 274.) The Industrial Commission (Commission) affirmed the arbitrator's decision, and the trial court confirmed the Commission's decision. On appeal, petitioners contend that the workers' compensation claim is not barred by the prior litigation.

The facts are detailed extensively in *Owens v. Consolidation Coal Co.*, and therefore we shall only summarize them.

On October 31, 1981, decedent suffered a back injury while working for respondent. Dr. A. Sethakorn treated decedent during a 21-day hospitalization with physical therapy and medication. After being released from the hospital, decedent received a prescription for Darvon for pain, and a prescription for Tranxene, a tranquilizer. Dr. Sethakorn continued to treat decedent until his last visit on January 4, 1982, when he again prescribed Darvon and Tranxene.

Dr. Sethakorn testified in an evidence deposition that, in his opinion, decedent's condition had stabilized by January 1982, and he was able to return to work by late January or early February 1982. Decedent did not, however, return to work.

On March 3, 1982, Dr. Sethakorn prescribed a nonrenewable prescription for 30 capsules of Darvon (one every four hours), and 20 capsules of Tranxene (as needed). He instructed decedent not to use the drugs with alcohol.

On June 21, 1982, decedent's body was found in his home. An autopsy revealed that he had died from an overdose of Darvon, Tranxene and alcohol. Dr. M.A. Gabrawy, a pathologist, opined that, given the various circumstances surrounding the death, it was likely that decedent had committed suicide.

On April 28, 1983, petitioners filed an application for adjustment of claim under the Workers' Compensation Act (Ill. Rev. Stat. 1983, ch. 48, par. 138.1 *et seq.*).

On February 24, 1984, a wrongful death action was filed in *Owens*, against Consolidation Coal Company, alleging violations of the Structural Work Act (Ill. Rev. Stat. 1983, ch. 48, par. 60 *et seq.*). A third-party complaint was filed against Bollmeier, respondent here. The parties exchanged interrogatories and deposed the physicians.

On April 25, 1985, the trial court entered summary judgment in *Owens* in favor of both Consolidation Coal and Bollmeier, finding there was no causal connection between the injury and decedent's death.

On June 12, 1986, in *Owens v. Consolidation Coal*, this court held (with Harrison, J., dissenting) that summary judgment was proper be-

cause plaintiff was unable to set forth some causal link between decedent's work-related injury and subsequent death. The court noted that the only connection between the injury and death was that the death resulted in part from drugs which had originally been prescribed for the injury. However, the dosage taken was far in excess of that prescribed; the drugs were combined with alcohol, contrary to warnings; and decedent had recovered from his injury five months earlier. The court found no specific facts or reasonable inferences from the record which could raise a triable issue of fact.

In the present case, on November 21, 1986, an arbitrator granted respondent's motion to dismiss. On March 28, 1988, the Commission affirmed that decision. On November 1, 1989, the trial court confirmed the Commission's decision.

On appeal, petitioners argue that the prior litigation does not bar the workers' compensation claim because they have not had a full and fair opportunity to litigate the issue of causal connection between decedent's death and his employment.

█▌ █ We find, however, that the present claim is barred under the doctrine of collateral estoppel. The doctrine applies where a prior judgment in a different action prevents relitigation of a fact issue determined on the merits in that prior action. (*Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 461 N.E.2d 959.) The necessary elements of collateral estoppel are that the issue of fact decided in the first case is identical to the issue raised in the present action; that there was a final judgment on the merits in the first case; that the party against whom the estoppel is asserted was a party, or in privity with a party, in the prior action; and that the factual issue was actually and necessarily litigated and determined in the first case. *Housing Authority v. YMCA*, 101 Ill. 2d 246, 461 N.E.2d 959.

*Owens* involved a final judgment entered on the merits. In the workers' compensation claim, the doctrine of collateral estoppel is asserted against petitioners, who were in privity with the parties filing suit in the prior litigation in *Owens v. Consolidation Coal*. Both cases were brought on behalf of the four minor dependents of decedent.

The focus of petitioners' argument in this court is whether the claim, demand or cause of action litigated and determined in the first case is identical to the issue raised in the present action.

█ A cause of action may be the same in two cases, even if the relief sought in each was different. (*Edwards v. City of Quincy* (1984), 124 Ill. App. 3d 1004, 464 N.E.2d 1125.) Thus, we are not concerned that the previous suit sought recovery under different statutory remedies than a workers' compensation claim. The key lies in the

fact that the basis of recovery is the same under all statutory remedies asserted in the two cases.

■ Under the Illinois Survival Act (Ill. Rev. Stat. 1983, ch. 110½, par. 27—6), the Illinois Wrongful Death Act (Ill. Rev. Stat. 1983, ch. 70, pars. 1, 2), and the Illinois Workers' Compensation Act (Ill. Rev. Stat. 1983, ch. 48, par. 138.1 *et seq.*), claimant must prove a causal connection between decedent's death and his alleged work-related injury. Thus, the same issue was involved in *Owens v. Consolidation Coal* and in the present case. In *Owens*, this court held that there were no specific facts or reasonable inferences from the record which raised a triable issue of fact as to whether there was any causal link between decedent's work injury and his subsequent death.

■ In the face of that express holding, we must conclude that the Commission properly dismissed the claim in the present suit. The identical issue necessary for recovery here has already been decided in favor of respondent in the prior litigation. The purpose of collateral estoppel and *res judicata* is to protect litigants from the burden of retrying an identical issue with the same party or privy, and to enhance judicial economy. (*Spiller v. Continental Tube Co.* (1983), 95 Ill. 2d 423, 447 N.E.2d 834.) To permit this workers' compensation action to proceed would be contrary to those goals.

Petitioners contend that the prior litigation "was decided on defense motions for summary judgment based solely on medical depositions and interrogatories. The matters considered by the trial and appellate court[s] dealt only with the cause of death, not the cause of the initial injury." The only requirement, however, is that the prior decision be actually and necessarily litigated and determined in the first case. We are aware of no requirement that the prior judgment be the result of a full trial.

Petitioners also maintain that the issues in the two cases differ because under workers' compensation law, the injury need only be *a* causative factor in the death, and thus the level of causal connection was different in the prior case.

■ In order for a suicide to be compensable under the act, petitioners must show some evidence from which the reasonable inference can be drawn that the injury was a causative factor in the death. (*City of Streator v. Industrial Comm'n* (1982), 92 Ill. 2d 353, 442 N.E.2d 497.) While a workers' compensation claim is not barred as a matter of law where a compensable injury is followed by the suicide of the injured employee, suicide can destroy any alleged causal connection where it is found to be an independent intervening act. *Harper v. Industrial Comm'n* (1962), 24 Ill. 2d 103, 180 N.E.2d 480.

In the prior case, this court thoroughly examined the record and determined that there was no evidence from which a reasonable inference could be drawn that the injury caused the death. (See *Owens v. Consolidation Coal Co.*, 144 Ill. App. 3d 88, 494 N.E.2d 274.) The court did not hold, for example, that the work-related accident was one causative factor of the death, but not a strong enough factor to permit recovery in the case. Instead, the court found "the absence of *any* specific facts or reasonable inferences" to establish causation. (Emphasis added.) *Owens*, 144 Ill. App. 3d at 92, 494 N.E.2d at 277.

For the foregoing reasons, the judgment of the circuit court of St. Clair County, confirming the decision of the Industrial Commission, is affirmed.

Judgment affirmed.

BARRY, P.J., and WOODWARD, McCULLOUGH, and LEWIS, JJ., concur.